**BOCHNER PLLC**

Avery Horovitz, Esq.
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685 e avery@bochner.law w bochner.law

# MEMO ENDORSED

September 3, 2024

**VIA ECF**

Hon. Katherine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:   *NewCo Capital Group, LLC v. RapidCash Solutions LLC*
      **Civil Action No.: 24-cv-04798**

Dear Judge Parker:

We represent Plaintiff NewCo Capital Group, LLC ("Plaintiff") in the above captioned matter. We write pursuant to Judge Kaplan's order dated June 27, 2024, ordering the parties to submit a Consent Scheduling Order by September 3, 2024 [ECF 9]. Plaintiff respectfully submits this letter-motion pursuant to Rule I(B) of Your Honor's Individual Practices to request that this Court enter an order authorizing expedited discovery in the instant action. As discussed further below, good cause exists for such an order to be entered pursuant to FED. R. CIV. P. 26(d)(1).

## I.   Background

Plaintiff filed its First Amended Complaint on July 26, 2024 ("FAC"), asserting claims against Defendant RapidCash Solutions LLC ("Defendant") for violations of the Copyright Act, 17 U.S.C. § 101, *et. seq*. On August 6, 2024, Plaintiff wrote to the Court with the consent of Defendant to request a thirty-day extension of time up to and including September 5, 2024 for Defendant to answer or otherwise respond to Plaintiff's FAC due to the parties' engagement in ongoing settlement negotiations at the time. As of the date of this letter-motion, settlement negotiations have concluded without producing any agreement between the parties to settle this case in full or in part.

On August 28, 2024, in response to counsel for Plaintiff reaffirming Plaintiff's position that any settlement framework must include the identification of all parties involved in Defendant's infringement of its intellectual property, counsel for Defendant stated as follows:

> I am having difficulty getting information from my client with which to prepare my
> answer, which leaves me in a position of not being able to represent it in good faith
> and in compliance with my obligations of zealous representation. It also leaves me
> with my question but with few answers. I cannot file an answer that way.

In view of counsel for Defendant stating that he will not be appearing in the instant matter, it appears that a Rule 26(f) conference and subsequent submission of a proposed scheduling order in this action has been rendered impossible. Despite counsel for Defendant's apparent attempt to conceal the true identity of his clients and related parties, Plaintiff seeks to identify any additional related parties to this action, thus necessitating the submission of the instant letter-motion to request the entry of an order for expedited discovery.

**BOCHNER PLLC**

Avery Horovitz, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685 e avery@bochner.law w bochner.law

We thank the Court for its time and attention to this matter.

> Respectfully submitted,
>
> /s/ Avery Horovitz
> Serge Krimnus, Esq.
> Avery Horovitz, Esq.
>
> *Attorneys for Plaintiff*

Motion Granted.

*/s/ Lewis H. Kaplan*
9/4/24